UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY NGUYEN, | Case No. 8:21-cv-00085-JWH-JC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| v. | |
| STEVEN J. SENTEMAN, | |
| Respondent. | |

    On January 15, 2021, petitioner – who is represented by counsel – filed a Petition for Writ of Habeas Corpus by Person in State Custody ("Petition") challenging a judgment in Orange County Superior Court Case No. 19WF0432 (Petition at 2). Petitioner – who pleaded nolo contendere to possession of a firearm and ammunition by a felon and was convicted in such case on September 21, 2018 – did not pursue a direct appeal, but did unsuccessfully pursue state habeas relief in the Superior Court, the California Court of Appeal and the California Supreme Court. (Petition at 2-4). The Petition asserts multiple ineffective assistance of counsel claims. (Petition at 5-6).

    Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation

1

period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, it appears that petitioner had one year from the date her conviction became final to file a federal habeas petition. As petitioner did not pursue a direct appeal, her conviction became final no later than November 20, 2018 – effectively sixty days after sentencing on September 21, 2018 – when the time to appeal the judgment expired. See Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of rendition of a judgment); Cal. Penal Code § 1237(a) (a "sentence" constitutes a "final judgment" for purposes of a defendant's right to appeal). Therefore, the statute of limitations commenced to run on November 21, 2018, and absent tolling, expired on November 20, 2019.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). Here, petitioner does not appear to be entitled to statutory tolling because none of her post-conviction challenges to her conviction were filed or pending between November 21, 2018 and November 20, 2019, when the statute of limitations in petitioner's case ran. (Petition at 3-5).

Petitioner's late-filed habeas petitions cannot revive the expired limitations period for the Petition.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is filed), cert. denied, 540 U.S. 924 (2003).  Accordingly, it does not appear that statutory tolling renders the Petition timely filed.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that:  (1) she has been pursuing her rights diligently; and (2) some extraordinary circumstance stood in her way.  Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to demonstrate that she is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  Here, it does not appear from the face of the Petition that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc).  "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt."  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995).  In order to make a credible claim of actual innocence, a petitioner must "support his [or her] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not."  Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)).  On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would

do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on her conviction to permit the Court to consider her apparently otherwise time-barred claims.

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order, why this action should not be dismissed as time-barred.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If she elects to proceed in that manner, she may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action with prejudice based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's orders, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.

DATED: January 19, 2020

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE